Relators' suit is based upon the claim that their children are being deprived of their right to attend the elementary school in the district most convenient to their home in furtherance of a purpose of the board of education to make the Midland School a segregated school for the exclusive use, accommodation and training of "colored children."
The respondents claim that the Midland School has adequate facilities; is fully equipped; offers the same courses of instruction as every other public elementary school in the district; uses the same text books; has competent teachers and provides every advantage for the acquisition of education that is furnished in any other public elementary school of the district; that the assignment of the children of relators to the Midland School was made by the board of education under and pursuant to its discretionary authority conferred by statute to equalize the number of students in the various schools in the district according to the physical accommodation of the school; that such assignment was made by the board of education in good faith in an effort to best promote the interests of education in such district; and to facilitate such purpose, motor bus transportation has been provided for all pupils living in excess of one mile from the school to which they are assigned, and is now and has been available to the relators' children.
There is no evidence in the record, nor is it claimed that the board of education has taken action by resolution or otherwise to make the Midland School a segregated *Page 148 
school for Negro children. The superintendent of schools, when called by the relators, testified that the assignment of pupils is not and cannot be made according to geographical lines; that the Smith Place School is located in the most densely populated portion of the city and that half the grade pupils of the city live in "very close proximity" thereto. It thus became necessary to assign many pupils in that vicinity to other buildings, each case being considered on its own facts, the general intention and purpose being to so allocate the pupils that each school would have approximately the same number of pupils per room and the same cost of instruction per pupil.
Though there was a less number of pupils in the Midland School, there was approximately the same number of pupils per room as in the other schools. It is conceded that the equipment, teaching facilities and other accommodations of the Midland School are in every way equal to those provided for the other schools. The relators in their testimony indicated their complaint was not based upon any racial distinction, but only upon inconvenience. The record shows the following testimony of one of the relators. "The Court: You have no objection now to the Midland School by reason of distance or anything of that kind? A. No, I don't. Other than I asked permission to send them to the school nearest my home.
"Q. There is no other reason why they shouldn't go to Midland School now, so far as you are concerned? A. No, there isn't. Only I would like for them to go to the school nearest home. It would be more convenient for me."
Section 7684, General Code, provides as follows: "Boards of education may make such an assignment of the youth of their respective districts to the schools established by them as in their opinion best will promote the interests of education in their districts."
By the provisions of this statute, broad power and *Page 149 
discretion are conferred upon boards of education to so assign pupils to the various schools of their districts as they in good faith believe will best promote the interests of education. The court cannot control that discretion or substitute its own discretion for that of the board of education. Those affected by such order of assignment of pupils are not entitled to a review of that action of the board in a mandamus proceeding.
Conditions manifestly made it necessary to assign many pupils living in the vicinity of the Smith Place School to other schools. It is to be observed that the relators resided a half mile from the Smith Place School. Action of the court directing that the assignment made by the board be altered and the relators' children permitted to attend the Smith Place School must logically be followed by the further direction that two pupils assigned to that school be transferred elsewhere. The court thus would be making a selection that is within the absolute power and discretion of the board of education.
Upon the matter of alleged discrimination, it may be observed that the record discloses that heretofore white children have been assigned to the Midland School and colored children have been assigned to the Smith Place School; in fact, the oldest son of the relators had attended the Smith Place School through the entire seven grades. It does not appear, therefore, that a fixed policy had been adopted by the board of education making any classification, distinction or discrimination on the basis of race or color.
It has not been established that the respondents have failed or refused to perform a duty specially enjoined by law. The judgment of the Court of Appeals is accordingly affirmed.
Judgment affirmed.
WEYGANDT, C.J., ZIMMERMAN, WILLIAMS, MATTHIAS and HART, JJ., concur.
 DAY, J., dissents. *Page 150